# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **JAMES RONALD LIVINGSTON,**        ) | |
|       **Plaintiff,**        ) | |
| ) | |
| v.        ) | **CIVIL ACTION NO. 2:13-18715** |
| ) | |
| **CAROLYN W. COLVIN,**        ) | |
| **Acting Commissioner of Social Security,**  ) | |
|       **Defendant.**        ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Standing Order entered July 15, 2013 (Document No. 4.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 9 and 10.)

The Plaintiff, James Ronald Livingston (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on February 4, 2010 (protective filing date), alleging disability as of January 17, 2009, due to a meniscus tear/puncture right knee, two heart stents, congestive heart failure, cardiac arrhythmias, knee problems, diabetes, and hypertension. (Tr. at 15, 87, 170-73, 174-77, 188, 193.)  The claims were denied initially and upon reconsideration. (Tr. at 83-86, 87-90, 91-93, 100-06, 107-13.) On November 30, 2010, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 114-16.) A hearing was held on January 4, 2012, before the Honorable John S. Pope. (Tr. at 33-82.)  By decision dated January 24, 2012, the ALJ determined that Claimant

was not entitled to benefits. (Tr. at 15-27.) The ALJ's decision became the final decision of the Commissioner on March 18, 2013, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5.) Claimant filed the present action seeking judicial review of the administrative decision on July 10, 2013, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2012). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's

remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2012). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, January 17, 2009. (Tr. at 17, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "coronary artery disease, atrial fibrillation, stage II congestive heart failure, hypertension, chronic obstructive pulmonary disease (COPD), diabetes, right knee degenerative joint disease with history of torn meniscus status post arthroscopic repair, right hip bursitis, obesity," which were severe impairments. (Tr. at 17-18, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 18, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform light level work as follows:

> [T]he [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following exceptions: he may occasionally lift 20 pounds and frequently 10 pounds. He may stand or walk at least 4 hours in 8 hours, with rest for 15 to 20 minutes after every 30 minutes. He may sit 6 hours. He must not push or pull with the left lower extremity. He may occasionally climb ramps/stairs, stoop, kneel, or crouch; he must never crawl or climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme cold and extreme heat.

(Tr. at 18, Finding No. 5.) At step four, the ALJ found that Claimant could return to his past relevant work as an announcer and producer. (Tr. at 26, Finding No. 6.) On this basis, benefits were denied. (Tr. at 27, Finding No. 7.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on November 26, 1960, and was 51 years old at the time of the administrative hearing, November 4, 2012. (Tr. at 39, 170, 174.) The ALJ found that Claimant had at least a high school education and was able to communicate in English. (Tr. at 40, 192, 194.) In the past, he worked as a kitchen helper, floorwalker, producer, and an announcer, . (Tr. at 26-27, 75, 195, 202-15.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence, and discusses it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in assessing Claimant's pain and credibility. (Document No. 9 at 6-9.) Claimant asserts that he is entitled to full credibility because his exertional and non-exertional impairments are disabling in nature. (Id. at 7.) Claimant asserts that the ALJ erred in finding that the intensity, persistence, and limiting effects of Claimant's symptoms were not credible. (Id.) Rather, Claimant asserts that pursuant to the "mutually supportive test," because his allegations and the medical evidence were mutually supportive, then the ALJ should have found him credible, and hence, disabled. (Id.) Given the number of his physical impairments, Claimant asserts that it is reasonable to conclude that he would suffer from multiple physical limitations. (Id.) Claimant notes that the VE even testified that if Claimant was found entirely credible, he was unable to engage in any substantial gainful activity. (Id. at 8.) Claimant contends, however, that the ALJ relied on boilerplate language in his decision and found that he was not credible. (Id. at 8-9.) Claimant further contends that pursuant to Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006), he was entitled to rely solely on subjective complaints of pain, contrary to the ALJ's decision. (Id. at 8.)

In response, the Commissioner asserts that Claimant attempts to apply the wrong standard in asserting the "mutually supportive test." (Document No. 10 at 12.) Rather, the Commissioner contends that the Fourth Circuit set forth the proper standard in Crag v. Chater, 76 F.3d 85, 593 (4th Cir. 1996), which is the standard the ALJ applied. (Id.) Furthermore, the Commissioner argues that contrary to Claimant's assertion, he is not entitled to rely solely on subjective complaints of pain and other symptoms when they are inconsistent with other objective evidence of record. (Id. at 13.) The Commissioner asserts that Claimant's diagnoses alone do not render him disabled and he fails to

identify any medically determinable functional limitation that eroded the occupational base for light work as identified by the ALJ. (Id. at 13-14.) Furthermore, the Commissioner asserts that although the ALJ used boilerplate language, his analysis proceeded beyond that language. (Id. at 14.) The Commissioner asserts that the ALJ specifically considered the medical evidence and Claimant's activities of daily living. (Id. at 15-18.)

Claimant also alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to consider that Claimant "grids-out" at the sedentary level of exertion on his fiftieth birthday, pursuant to Medical Vocational Guideline Rule 201.14. (Document No. 9 at 10.) Claimant asserts that at a minimum, the ALJ should have rendered a partially favorable decision in this matter. (Id.)

In response, the Commissioner asserts that Claimant's argument assumes that he did not have any transferrable skills. (Document No. 10 at 11, n.3) The Commissioner notes that Claimant's past work was skilled work, and that if he had any transferable skills, then he is not disabled. (Id.) The ALJ did not address the issue of whether Claimant had any transferable skills because he found that Claimant was capable of performing his past relevant work at step four of the sequential analysis. (Id.)

Analysis.

1. Pain & Credibility/RFC Assessment.

Claimant alleges that the ALJ erred in assessing his credibility, and therefore, in assessing the resulting RFC. "RFC represents the most that an individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Pursuant to SSR 96-8p, the RFC assessment "must be based on all of the relevant evidence in the case record,"

including " the effects of treatment" and the "limitations or restrictions imposed by the mechanics of treatment; e.g., frequency of treatment, duration, disruption to routine, side effects of medication." Looking at all the relevant evidence, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §§ 404.1545(a), 416.945(a) (2012). "This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s)." Id. "In determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

Opinions on a claimant's Residual Functional Capacity are issues that are reserved to the Commissioner. The Regulations state that:

> We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter, your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

See 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (2012).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted).

The Regulations state that opinions on these issues are not medical opinions as described in the Regulation dealing with opinion evidence (20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2)); rather,

7

they are opinions on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e) and 416.927(e). For that reason, the Regulations make clear that "[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." Id. §§ 404.1527(e)(3) and 416.927(e)(3). The Regulations further provide that "[f]or cases at the Administrative Law Judge hearing or Appeals Council level, the responsibility for deciding your residual functional capacity rests with the Administrative Law Judge or Appeals Council." See 20 C.F.R. §§ 404.1545 and 416.946 (2012). However, the adjudicator must still apply the applicable factors in 20 C.F.R. § 416.927(d) when evaluating the opinions of medical sources on issues reserved to the Commissioner. See Social Securing Ruling ("SSR") 96-5p, 61 FR 34471, 34473 (1996).

Social Security Ruling 96-5p makes a distinction between an RFC assessment, which is "the adjudicator's ultimate finding of 'what you can still do despite your limitations,'" and a "'medical source statement,' which is a 'statement about what you can still do despite your impairment(s)' made by an individual's medical source and based on that source's own medical findings." Id. SSR 96-5p states that "[a] medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s)." Adjudicators "must weigh medical source statements under the rules set out in 20 C.F.R. § 416.927, providing appropriate explanations for accepting or rejecting such opinions." Id. at 34474.

A two-step process is used to determine whether a claimant is disabled by pain or other symptoms. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2012); SSR 96-7p; See also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such

an impairment is established, then the intensity and persistence of the pain or symptoms and the extent to which they affect a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause the alleged pain or symptoms, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2012). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> > (i) Your daily activities;
> >
> > (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
> >
> > (iii) Precipitating and aggravating factors;
> >
> > (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> >
> > (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> >
> > (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and

> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2012).

> SSR 96-7p repeats the two-step regulatory provisions:
>
> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). SSR 96-7p specifically requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in assessing the credibility of an individual's statements. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

10

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

The ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility. (Tr. at 18-20.) The ALJ found at the first step of the analysis that Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. at 20.) Thus, the ALJ made an adequate threshold finding and proceeded to consider the intensity and persistence of Claimant's alleged symptoms and the extent to which they affected Claimant's ability to work. (Tr. at 18-26.) At the second step of the analysis, the ALJ concluded that Claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. at 20.)

In assessing Claimant's pain and credibility, the ALJ first acknowledged Claimant's testimony. (Tr. at 19.) The ALJ then noted Claimant's alleged limitations and treatments. (Id.) Claimant testified that he could lift 10 to 15 pounds, walk two to three times per day for 30 minutes each time, could

stand 15 to 20 minutes, and sit for three hours. (Id.) He indicated that he needed to elevate his feet and legs while sleeping and sitting. (Id.) Furthermore, he stated that he had problems getting up. (Id.) The ALJ noted that Claimant underwent surgery on his right knee in 2009, and has worn a prescribed brace since then, and used a cane that was not prescribed for stability. (Tr. at 19.)

The ALJ also acknowledged Claimant's activities of daily living to have included preparing meals, doing household chores, grocery shopping, watching television, napping, caring for his own personal hygiene, doing the dishes, vacuuming, driving, and stretching. (Tr. at 19-20.)

The ALJ then summarized the voluminous medical evidence of record, which reflected Claimant's longitudinal treatment record. (Tr. at 20-26.) The ALJ noted the September, 2008, MRI scan, which could not exclude a posterior medial meniscal horn tear with a 5mm mensical cyst vs synovial cyst. (Tr. at 20.) He further noted that his orthopedist, Dr. Hissa, sent him for physical therapy for gait training and muscle building in October, 2008. (Tr. at 20, 283.) He underwent the right knee surgery in June, 2009. (Tr. at 20, 307.) Dr. Mize assessed Claimant's heart condition in January, 2009 (Tr. at 20, 290-93, 383.), and he underwent catheterization with stent placement in March, 2009. (Tr. at 20.)

In addition to the medical evidence, the ALJ also summarized the opinion evidence of record. (Tr. at 24-26.) The ALJ accorded significant weight to the opinions of the state agency physicians, as their opinions were consistent with the record as a whole. (Tr. at 25.) The ALJ, however, added an avoidance of pulmonary irritants to accommodate for his shortness of breath from COPD. (Id.) He gave less weight to the opinion of consultative examiner, Judith Brown, that Claimant was mildly impaired because her opinion was too vague. (Tr. at 25.) Additionally, the ALJ did not give much weight to the opinion of orthopedist, Dr. Hissa, that Claimant was unable to bend, twist, turn, reach below the knee, push, pull, squat, or kneel. (Tr. at 26.) The ALJ found little support for such

limitations given Claimant's activities of daily living, which required at least some of these contemplated positions. (Id.) Finally, the ALJ gave some weight to the opinions of Drs. Schertzinger and Reynolds, independent examiners, who assessed medium and light exertional capacities respectively. (Tr. at 26.) The ALJ noted that their opinions informed and supported the manipulative and postural limitations assessed in light of Claimant's musculoskeletal difficulties, and therefore, were entitled to some weight. (Id.)

In view of the foregoing, the undersigned finds that contrary to Claimant's allegations, the ALJ applied the appropriate standard in assessing Claimant's pain and credibility and evaluated the factors as set forth in the Regulations. The resulting RFC assessment is more than supported by a thorough review of the medical evidence. Accordingly, the undersigned finds that the ALJ's credibility and RFC findings are supported by the substantial evidence of record.

2. Medical Vocational Guidelines.

Claimant also alleges that the ALJ failed to consider whether he met Medical Vocational Rule 201.14. As the Commissioner points out, the ALJ resolved this matter at step four of the sequential analysis and found that Claimant was capable of returning to his past relevant work. The ALJ therefore, did not have the opportunity to consider whether Claimant met any Vocational Rules. Accordingly, the undersigned finds that the ALJ's step four decision is supported by substantial evidence and that the ALJ was not required to proceed to consider whether Claimant met the Vocational Rules at step five of the sequential analysis.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DENY** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 9.), **GRANT** the Defendant's Motion for Judgment on the Pleadings (Document No. 10.), **AFFIRM** the final decision of the

Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: September 2, 2014.

*[signature: R. Clarke VanDervort]*
R. Clarke VanDervort
United States Magistrate Judge